UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PROFESSIONAL TRADERS FUND, LLC,

                Plaintiff,


       -against-                               06 Civ. 1012 (LAK)


PRAIRIE OIL & GAS, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM OPINION
### (Corrected)


             Appearance:

                      Andrew T. Solomon
                      Emily Samuels
                      SULLIVAN & WORCESTER LLP
                      *Attorneys for Plaintiff*

LEWIS A. KAPLAN, *District Judge.*

        This matter is before the Court on plaintiff's motion to enforce a settlement.


*Facts*

*The Settlement and the Consent Judgment*

        On February 9, 2006, plaintiff sued defendant Prairie Oil & Gas, Inc. ("Prairie") for

nonpayment of a promissory note and the remaining defendants for failing to deliver 10,899,999

shares of Prairie common stock collateral pledged pursuant to a certain pledge agreement in the

proper form.  On October 26, 2006, the parties entered into a Stipulation of Settlement and Consent

to Enter Judgment (the "Settlement Stipulation") that was "so ordered" by the Court on October 30, 2006.

The principal terms of the Settlement Stipulation were that

- The parties consented to the entry of a consent judgment in the form attached to the Settlement Stipulation as Exhibit A.

- Notwithstanding the foregoing, if by November 3, 2006, the individual defendants transferred to plaintiff 9,999,999 shares of Prairie common stock previously issued to them and pledged to plaintiff, and if defendant Empire Stock Transfer, Inc. ("Empire") reissued to plaintiff 900,000 shares then held in the name of Diversified Equities, Inc. ("Diversified"), then a consent judgment would be entered only against Prairie in the form annexed as Exhibit B and plaintiff would waive its damage claims against the individual defendants.

- The defendants other than Empire "represent[ed] and warrant[ed] that, in accordance with [a] . . . certain side letter agreement . . . , Prairie has not engaged in any transaction from [September 21, 2005] to [October 26, 2006] that would have had the effect of diluting [plaintiff's] interest as a holder of pledged shares in Prairie . . . ."  They "further represent[ed] and warrant[ed] that the 9,999,999 shares and 900,000 shares transferred pursuant to [the Settlement] Stipulation [would] come[] from shares previously issued to [the individual defendants and Diversified], and will not have a dilutive effect on the company's common stockholders."

The parties submitted and the Court on October 30, 2006 signed a consent judgment, apparently in the form of Exhibit A to the Settlement Stipulation. In brief, it awarded plaintiff a monetary recovery against Prairie and decrees of specific performance against the individual defendants and Empire compelling the delivery by the individuals of the 9,999,999 shares and the reissuance by Empire of the 900,000 shares to plaintiff. The judgment included a clause that stated that:

> "The Court shall retain jurisdiction over this action only for the purpose of enforcing this Judgment on Consent."

*The Dispute*

Plaintiff evidently believed that the 10,899,999 shares to which it became entitled by virtue of the Settlement Stipulation and Consent Judgment would give it a majority of the common stock of Prairie. This belief apparently was founded on the conjunction of Prairie's 2005 financial statements, which showed that 21,247,009 common shares were outstanding at year end, and the representation and warranty in the Settlement Stipulation. In fact, however, plaintiff learned upon the issuance of Prairie's 2006 financial statements that Prairie on October 10, 2006 cancelled 1,730,000 "founders' shares" and that it then issued 9,999,999 "settlement shares" on October 31, 2006. In consequence, the total shares outstanding on December 31, 2006 was 29,517,008, of which plaintiff's holding amounted to only 36.9 percent. Plaintiff claims that the October 2006 transactions breached the warranty contained in the Settlement Stipulation and seeks an order directing Prairie to cancel 8,269,999 outstanding shares (presumably none of which would be plaintiff's) or to issue to plaintiff 8,710,937 shares, either of which would restore plaintiff to the 51.3 percent interest it expected to hold.

Although the time within which to do so has expired, defendants have not responded to plaintiff's motion.

*Discussion*

There is at least one and quite likely two fatal flaws in plaintiff's position.

*Subject Matter Jurisdiction*

First, federal courts are courts of limited jurisdiction. Their ancillary jurisdiction does not ordinarily extend to disputes arising out of agreements to settle cases. As the Supreme Court wrote in *Kokkonen v. Guardian Life Insurance Company of America:*[1]

> "The short of the matter is this: The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal court jurisdiction over the contract dispute."[2]

In consequence, the fact that plaintiff claims that defendants other than Empire breached the warranty in the Settlement Stipulation is not sufficient to bring its grievance within the Court's ancillary jurisdiction.

To be sure, the Settlement Stipulation was "so ordered" by the Court, which in other circumstances might well have been sufficient.[3] In this case, however, the Judgment on Consent,

_____

[1] 511 U.S. 375 (1994).

[2] *Id.* at 381.

[3] *See id.* at 381-82.

which was entered on the same day, provided that the Court "shall retain jurisdiction *only* for the purpose of enforcing this Judgment on Consent."[4]  It thus narrowed any retention of jurisdiction that otherwise might have been implicit in the "so ordering" of the Settlement Stipulation.  As the warranty upon which plaintiff grounds its claim was only in the Settlement Stipulation, not in the Judgment on Consent, the Court probably lacks ancillary jurisdiction to entertain plaintiff's claim. In the last analysis, however, the Court need not rest on this alone.

The transaction that diluted plaintiff's interest was the October 31, 2006 issuance of the 9,999,999 "settlement shares" – a transaction that occurred 5 days after the date of the warranty in the Settlement Stipulation and one day after the signing of the Judgment on Consent.  The warranties, however, were only that (1) "Prairie has not engaged in any transaction from [September 21, 2005] to [October 26, 2006] that would have had the effect of diluting [plaintiff's] interest as a holder of pledged shares in Prairie . . ." and (2) "the 9,999,999 shares and 900,000 shares transferred pursuant to [the Settlement] Stipulation [would] come[] from shares previously issued to [the individual defendants and Diversified], and will not have a dilutive effect on the company's common stockholders."  As the issuance of the "settlement shares" occurred after October 26, 2006, their issuance did not breach the first of these warranties.  And there is no suggestion that the 10,899,999 shares transferred to plaintiff did not "come[] from shares previously issued to [the individual defendants and Diversified]" or that they had "a dilutive effect on the company's common stockholders."  The dilution resulted from the issuance of the "settlement shares," not the transfer to plaintiff of the previously issued shares held by the individual defendants and Diversified.

---

[4] Emphasis added.

This is not to condone defendants' actions, which were not consistent with standards of behavior to which honorable people aspire. But plaintiff easily could have protected itself against such behavior by negotiating for provisions in the Settlement Stipulation that would have foreclosed Prairie from issuing any new shares without plaintiff's approval or, perhaps, given plaintiff preemptive rights. It is not for the Court to rewrite a contract entered into by a presumably sophisticated investor with the assistance of counsel.

### Conclusion

The motion to enforce the settlement is denied.

SO ORDERED.

Dated:       October 29, 2007
Corrected:  October 30, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)