UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PROFESSIONAL TRADERS FUND, LLC,

                Plaintiff,

        -against-                                      06 Civ. 1012 (LAK)

PRAIRIE OIL & GAS, INC., et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

        Appearance:

               Andrew T. Solomon
                Emily Samuels
                SULLIVAN & WORCESTER LLP
                *Attorneys for Plaintiff*

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff moves for reconsideration of my opinion denying its motion to enforce a settlement. *Professional Traders Fund, LLC v. Prairie Oil & Gas, Inc.,* ___ F. Supp. 2d ___, 2007 WL 3138620 (S.D.N.Y. Oct. 29, 2007). It argues that the Court was obliged first to decide definitively whether it had subject matter jurisdiction and reach the merits only if it concluded that it did. In any case, it argues, the Court overlooked its contention that the defendants breached the covenant of good faith and fair dealing implicit in every contract.

        As an initial matter, plaintiff contends that the Supreme Court in *Steel Co. v. Citizens*

*for a Better Environment*[1] disapproved the practice of federal courts' assuming the existence of jurisdiction in order to dispose of a case adversely to the party asserting jurisdiction on the merits. While Justice Scalia's opinion for the Court certainly took that position, Justices O'Connor and Kennedy, who joined in that opinion, filed a concurrence that stated that "the Court's opinion should not be read as cataloging an exhaustive list of circumstances under which federal courts may exercise judgment in 'reserv[ing] difficult questions of . . . jurisdiction when the case alternatively could be resolved on the merits in favor of the same party.'"[2] Thus, the limits of the *Steel Co.* principle are not entirely clear. Nor has the uncertainty been clarified by subsequent cases.

In *Ruhrgas AG v. Marathon Oil Co.*,[3] the Court held that *Steel Co.* did not require a federal court first to resolve a complex question of subject matter jurisdiction before resolving the case against the party asserting federal jurisdiction for want of personal jurisdiction over the defendant. In so doing, Justice Ginsburg, who dissented in *Steel Co.* but in *Ruhrgas* wrote for a unanimous Court, described *Steel Co.* as standing only for the proposition that "Article III *generally* requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."[4] Moreover, the opinion concluded with the following paragraph:

> "[W]e recognize that in most instances subject-matter jurisdiction will involve no arduous inquiry. [citation omitted] In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first. [citation omitted] Where, as here, however, a district court has

---

[1] 523 U.S. 83 (1998).

[2] *Id.* at 110-11 (O'Connor and Kennedy, JJ., concurring) (citation omitted).

[3] 526 U.S. 574 (1999).

[4] *Id.* at 583 (emphasis added).

before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction."[5]

And in *Sinochem International Co. v. Malaysia International Shipping Corp.*,[6] the Court, in another opinion by Justice Ginsburg for a unanimous bench, limited *Steel Co.* by permitting federal courts to resolve cases on non-merits grounds without first deciding the jurisdictional question. Again she described *Steel Co.* as holding that "a federal court *generally* may not rule on the merits of a case without first determining that it has jurisdiction . . . ."[7]

The net of all of this appears to be that Article III does not deprive a district court of discretion to assume the existence of subject matter jurisdiction, at least for the purpose of deciding personal jurisdiction and *forum non conveniens* issues, provided that the subject matter jurisdiction issue "raises a difficult and novel question." Whether it forecloses reaching other issues, at least where the subject matter jurisdiction question is sufficiently difficult and novel, arguably remains something of an open question.

That said, our Circuit, albeit prior to *Sinochem* and without discussing the fact that the broad statement in *Steel Co.* should be construed more narrowly in light of the views of Justices O'Connor and Kennedy, has viewed *Steel Co.* as foreclosing the practice of assuming jurisdiction

---

[5] *Id*. at 587-88 (footnote omitted).

[6] 127 S. Ct. 1184 (2007).

[7] *Id*. at 1191 (emphasis added).

and deciding a case on the merits against the party asserting jurisdiction.[8] In the absence of a clear statement to the contrary by the Circuit or the Supreme Court, I am obliged to adhere to circuit precedent. I therefore will address the jurisdictional issue.

While my previous opinion stated that "the Court probably lacks ancillary jurisdiction to entertain plaintiff's claim," the use of the word "probably" was unnecessary. For the reasons there stated, I hold that the Court does lack jurisdiction to enforce the Settlement Stipulation.

That said, there remains the question whether I should vacate so much of the previous decision as addressed the merits or, instead, consider the plaintiff's contention that I overlooked its good faith and fair dealing argument. Competing considerations bear on this question.

On the one hand, the policy of avoiding advisory opinions, which is grounded in Article III of the Constitution, argues in favor of deciding the matter solely on the jurisdictional ground, vacating so much of the prior opinion as addressed the merits, and proceeding no farther. On the other hand, taking that course would risk the possibility that the jurisdictional dismissal will be appealed and overturned, thus perhaps requiring a remand and further proceedings that might be avoided by ruling in the alternative on the merits. Moreover, at least one circuit has taken the view, subsequent to both *Steel Co.* and *Ruhrgas,* that resolving a case on the basis of alternative holdings – one being a lack of jurisdiction and the other being a lack of merit – is appropriate because "alternative holdings are a common practice that prevents the overconsumption of adjudicative resources and do not divest the adjudicator of jurisdiction merely because they are inconsistent."[9]

---

[8] *E.g., Alliance For Envtl. Renewal, Inc. v. Pyramid Crossgates Co.,* 436 F.3d 82, 85-86 (2d Cir. 2006).

[9] *Phelps v. Alameda,* 366 F.3d 722, 725 n.3 (9th Cir. 2004) (internal quotation marks omitted).

Nevertheless, *Phelps'* statement does not refer to *Steel Co.* and *Ruhrgas* and is entirely conclusory. I decline to follow it.

Accordingly, plaintiff's motion for reconsideration is granted. On reconsideration, I hold that this Court lacks subject matter jurisdiction to entertain plaintiff's application for relief. My prior decision as to the merits of the case is vacated, albeit solely on the ground that I lack jurisdiction to address the merits.

SO ORDERED.

Dated: November 16, 2007

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)